UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN STEINKE, LOUIS FANTINI, EMILY FANTINI and DANIEL REYES,<br><br>on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AON INVESTMENTS USA INC., and AKSIA LLC.<br><br>Defendants. | Case No.<br><br>[Removed from the Pennsylvania Court of Common Pleas of Philadelphia County, Case No. 210601197] |

## NOTICE OF REMOVAL PURSUANT TO CLASS ACTION FAIRNESS ACT

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendants Aksia LLC ("Aksia") and Aon Investments USA Inc., f/k/a Aon Hewitt Investment Consulting, Inc., f/k/a Hewitt EnnisKnupp, Inc. (collectively, "Aon" and together with Aksia, "Removing Defendants"), hereby remove this case, Case No. 210601197 (the "State Court Action"), from the Pennsylvania Court of Common Pleas of Philadelphia County (the "State Court") to the United States District Court for the Eastern District of Pennsylvania on the following grounds:

(1) ***CAFA Jurisdiction***: This Court has original jurisdiction over this civil action pursuant to the Class Action Fairness Act of 2005 ("CAFA") because minimum diversity exists, the amount in controversy exceeds $5 million, and there are at least 100 class members in the class. Defendant Hamilton Lane Advisors, L.L.C., the sole non-diverse defendant, was dismissed from the State Court Action on November 20, 2025. As of

that date, there is no longer any exception to jurisdiction under CAFA that is applicable to this case.

In support of this Notice of Removal, Removing Defendants state as follows:

## BACKGROUND

1. On or about June 18, 2021, Plaintiff Kevin Steinke, on behalf of himself and all others similarly situated, filed a putative Class Action Complaint (the "Initial Complaint") against Aon and Hamilton Lane Advisors, L.L.C. ("Hamilton Lane") in the State Court. On or about September 13, 2021, Steinke filed a putative First Amended Class Action Complaint (the "FAC"), adding 812 Market Street, L.L.C. and 812 Market Inc. (together, "812 Market") as defendants. On or about May 27, 2022, Steinke filed a putative Second Amended Class Action Complaint (the "SAC"), dropping 812 Market as defendants and adding Hewitt EnnisKnupp, Inc., Aon Hewitt Investment Consulting, Inc. (together, the "Hewitt Entities"[1]), Portfolio Advisors LLC ("Portfolio Advisors"), and Aksia as defendants.

*The Operative Complaint*

2. On or about September 6, 2022, Plaintiffs Kevin Steinke, Louis Fantini, Emily Fantini and Daniel Reyes ("Plaintiffs") filed the operative complaint in the State Court Action, a putative Third Amended Class Action Complaint (the "TAC"), against the same defendants named in the SAC. In accordance with 28 U.S.C. § 1446(a), copies of the process, pleadings and orders served on the Removing Defendants in the State Court Action are attached as Exhibit A to the Declaration of Jack Yoskowitz, dated December 18, 2025 ("Yoskowitz Decl.").

3. The TAC generally alleges that Defendants breached fiduciary duties to participants in the Pennsylvania Public School Employees' Retirement System's ("PSERS")

---

[1] As explained below, Aon Investments USA Inc. and the Hewitt Entities are not separate legal entities, but rather the same legal entity by successive name changes. *See infra* ¶ 5.

2

retirement plans (collectively, the "PSERS Plan") by recommending unsuitable investments, TAC ¶¶ 385-429, Yoskowitz Decl. Ex. A at 1081-90, aided and abetted breaches of fiduciary duties to PSERS Plan participants, TAC ¶¶ 430-470, Yoskowitz Decl. Ex. A at 1091-98, and breached contracts under which the Defendants provided services to the PSERS Plan. TAC ¶¶ 471-502, Yoskowitz Decl. Ex. A at 1098-1103. The Removing Defendants filed Answers denying all liability. Yoskowitz Decl. Ex. A at 6321-6411; 6580-6677. Merits discovery was recently completed on December 1, 2025.[2] Expert discovery is proceeding; plaintiffs' expert reports are due by January 5, 2026 and defendants' expert reports are due by February 2, 2026. *See* Yoskowitz Decl. Ex. A at 6818, Class Action Case Management Order dated October 8, 2025. The case is scheduled to be ready for trial in the State Court by August 3, 2026, although the State Court has not yet held a pre-trial conference to schedule a trial date. *Id.*

*The Parties*

4. As alleged in the TAC, each named Plaintiff is a resident and citizen of Pennsylvania. TAC ¶¶ 3, 7, 11, 15, 37, Yoskowitz Decl. Ex. A at 982-83, 986. Plaintiffs seek to represent "a proposed class of current public school employees who are participants in the PSERS retirement system[.]" *Id.* ¶ 19, Yoskowitz Decl. Ex. A at 983. "The vast majority of the members of the proposed Plaintiff Class are citizens and residents of the Commonwealth of Pennsylvania." *Id.* ¶ 39, Yoskowitz Decl. Ex. A at 986.

5. As alleged in the TAC, Aon Investments USA Inc. is an Illinois corporation with its principal place of business in Illinois; Hewitt EnnisKnupp, Inc. was an Illinois corporation with its principal place of business in Illinois; and Aon Hewitt Investment Consulting Inc., was an

---

[2] All document productions between the parties were completed by the close of merits discovery. While there are two pending motions to compel filed by the Removing Parties related to two third-party subpoenas, the parties expect to resolve both disputes without Court intervention.

Illinois corporation with its principal place of business in Illinois. *Id*. ¶¶ 20-27, Yoskowitz Decl. Ex. A at 983-84. Hewitt EnnisKnupp, Inc. changed its name to Aon Hewitt Investment Consulting, Inc., and then Aon Hewitt Investment Consulting, Inc. changed its name to Aon Investments USA Inc. *See* Aon Answer to TAC at ¶¶ 23, 25, Yoskowitz Decl. Ex. A at 6325.

6. Portfolio Advisors is a Connecticut limited liability company ("LLC") with its principal place of business in Connecticut. TAC ¶ 29, Yoskowitz Decl. Ex. A at 985.

7. Aksia is a Delaware LLC with its principal place of business in New York. *See* Declaration of Maya Fishman, dated December 18, 2025 ("Fishman Decl.") at ¶ 2; Aksia Answer to TAC at ¶ 35, Yoskowitz Decl. Ex. A at 6584. None of Aksia's members are citizens of Pennsylvania. Fishman Decl. at ¶¶ 3-4.

8. Hamilton Lane is a Pennsylvania LLC with its principal place of business in Pennsylvania. TAC ¶ 32, Yoskowitz Decl. Ex. A at 985. According to Hamilton Lane's current Form ADV dated June 27, 2025, its members include Hamilton Lane Advisors, Inc. (since June 2000) and Hamilton Lane Inc. (since March 2017). *See* Yoskowitz Decl. Ex. B (excerpts of Hamilton Lane's Form ADV dated June 27, 2025). Hamilton Lane Advisors, Inc. is a Pennsylvania corporation. *See* Yoskowitz Decl. Ex. C (listing for Hamilton Lane Advisors, Inc. on the Pennsylvania Department of State's website). Hamilton Lane Inc. is a Delaware corporation with its principal place of business in Pennsylvania. *See* Yoskowitz Decl. Ex. D (listing for Hamilton Lane Inc. on the Pennsylvania Department of State's website). "[T]he citizenship of an LLC is determined by the citizenship of each of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Id.* at 419 (citing 28 U.S.C. § 1332(c)). Therefore, because it has members that are citizens of Pennsylvania, Hamilton Lane is a citizen of Pennsylvania.

*Alleged Class Damages*

9.  Plaintiffs alleged in the TAC that Defendants caused the PSERS Plan and its participants to suffer "hundreds of millions of dollars of damages." TAC ¶¶ 389, 401, 412, 423, Yoskowitz Decl. Ex. A at 1082, 1084, 1087, 1089. Subsequently, in discovery, Plaintiffs asserted that class members suffered "shared risk amount" damages of more than $87 million and are also seeking "interest and delay damages, as allowed by law." *See* Yoskowitz Decl. Ex. E (Plaintiffs' Second Supplemental Responses and Objections to Defendant Aksia LLC's First Set of Interrogatories, Response No. 3).

*Number of Proposed Class Members and the Court's Certification Order*

10. Plaintiffs alleged that there were approximately 120,000 people in the proposed class. TAC ¶ 373, Yoskowitz Decl. Ex. A at 1078. Subsequently, in discovery, Plaintiffs asserted that there are more than 176,000 people in the proposed class. *See* Yoskowitz Decl. Ex. E (Plaintiffs' Second Supplemental Responses and Objections to Defendant Aksia LLC's First Set of Interrogatories, Response No. 3). On September 11, 2024, the State Court certified the case as a class action. *See* Yoskowitz Decl. Ex. A at 6780-6795.

*Plaintiffs Negotiate Conditional Settlements with Hamilton Lane and Portfolio Advisors*

11. On or about November 8, 2024, Plaintiffs filed a motion seeking entry of a "Supplementary Order," and attached a settlement agreement term sheet dated May 15, 2024. *See* Yoskowitz Decl. Ex. F. The term sheet was executed by Plaintiffs and Hamilton Lane and provided that the parties agreed to settle the claims asserted by the plaintiff class against Hamilton Lane for $4 million, provided that (i) the Court granted Plaintiffs' pending motion for class certification; and (ii) the parties received Court approval. *Id*.

12. Plaintiffs filed the settlement term sheet to request entry of a supplementary order: (1) "providing for notice of certification of the class, and permitting class members to opt out of

the class"; (2) "preliminarily approving Plaintiffs' class settlement with" Hamilton Lane; (3) "preliminarily approving the amount of attorneys' fees and costs requested by Class Counsel, and the service fee awards to the Class Representatives"; and (4) "scheduling a hearing for final approval, at which any Class Members' objections may be heard." *Id.*

13. On or about January 23, 2025, Plaintiffs filed a Motion for Supplementary Order, and attached a Memorandum of Understanding Regarding Settlement ("MOU"), dated January 13, 2025. *See* Yoskowitz Decl. Ex. G. The MOU was executed by Plaintiffs and Portfolio Advisors and provided that the parties agreed to settle the claims asserted by the plaintiff class against Portfolio Advisors for $11.25 million "[s]ubject to Court approval" and entering into a binding settlement agreement. *Id*.

14. Plaintiffs filed the MOU in connection with their request for entry of a supplementary order: (1) "providing for notice of certification of the Class, and permitting Class Members to opt out of the class"; (2) "preliminarily approving Plaintiffs' Class Settlement with" Portfolio Advisors; (3) "preliminarily approving Plaintiffs' class settlement with" Hamilton Lane; (4) "preliminarily approving the amount of attorneys' fees and costs requested by Class Counsel, and the service fee awards to the Class Representatives"; and (5) "scheduling a hearing for final approval, at which any Class Member's objections may be heard." *Id.*

15. The State Court conducted a virtual settlement approval hearing on September 11, 2025 concerning the two settlements with Hamilton Lane and Portfolio Advisors (together, the "Settling Defendants"). *See* Yoskowitz Decl. Ex. A at 6796-97. On October 8, 2025, the Court entered an order approving the settlements with Hamilton Lane and Portfolio Advisors (the "Settlement Approval Order"). The Settlement Approval Order did not dismiss Hamilton Lane or Portfolio Advisors from the State Court Action and did not provide for the discontinuance of any claims asserted against them in the TAC. *See id*. at 6820-30.

*Dismissal of Hamilton Lane and Portfolio Advisors from the State Court Action on November 20, 2025*

16.     Under the Pennsylvania Rules of Civil Procedure, "[a] discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial." Pa. R. Civ. P. 229(a). Rule 229(b)(1) provides in pertinent part that "a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court upon motion of any plaintiff or any defendant for whom plaintiff has stipulated in writing to the discontinuance." Pa. R. Civ. P. 229(b)(1).

17.     On November 20, 2025, all parties to the State Court Action stipulated, pursuant to Pa. R. Civ. P. 229(b)(1), to the discontinuance and dismissal with prejudice of any and all claims brought by Plaintiffs against Hamilton Lane and Portfolio Advisors. *See* Yoskowitz Decl. Ex. H, Stipulation to Dismiss Less Than All Parties, dated November 20, 2025 (the "Stipulation of Dismissal"). On the same date, the State Court made a docket entry noting the Stipulation of Dismissal was approved and consented to by all parties. *See* Yoskowitz Decl. Ex. I (State Court Action docket report, entry dated November 20, 2025). Accordingly, the docket indicates that Hamilton Lane and Portfolio Advisors were dismissed from the State Court Action on November 20, 2025. *Id*. (column labeled "Expn Date" ["expiration date"] and identifying November 20, 2025 as the date that Hamilton Lane and Portfolio Advisors were removed from the action).[3]

18.     Thus, the State Court Action was first removable on November 20, 2025.

---

[3] Neither the Stipulation of Dismissal nor the docket entry made reference to Pa. R. Civ. P. 1714(a), which provides that "[n]o class action shall be compromised, settled or discontinued without the approval of the court after hearing." Because the State Court did not conduct a separate hearing to effect the discontinuance of claims against the Settling Defendants and their dismissal, this Notice of Removal was filed after the State Court indicated that Hamilton Lane had been formally dropped from the State Court Action.

7

## I. THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

19. Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, removal to this Court is proper under CAFA. This Court has jurisdiction over class actions where (1) there is minimal diversity (*i.e.*, any member of the class is a citizen of a state different from any defendant), 28 U.S.C. § 1332(d)(2)(A); (2) the amount in controversy based upon the class members' aggregate claims exceeds $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); and (3) there are at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B). *See McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022). "CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Portnoff v. Janssen Pharms., Inc.,* 237 F. Supp. 3d 253, 260–61 (E.D. Pa. 2017) (internal citations omitted). However, while "removal statutes must generally be strictly construed, with any doubt to be resolved in favor of remand, . . . the presumption against removal does not apply to class actions invoking jurisdiction under [CAFA]." *Gallagher v. Johnson & Johnson Consumer Cos.*, 169 F. Supp. 3d 598, 602 (D.N.J. 2016) (internal citation omitted). "Congress enacted CAFA to facilitate class actions in federal court, and its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)) (internal quotations omitted). As explained below, each of the grounds for CAFA jurisdiction is satisfied here.

*Minimal Diversity Exists*

20. To satisfy the minimal diversity requirement, at least one member of the class must be a citizen of a state different from at least one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, each named Plaintiff is a resident and citizen of Pennsylvania. TAC ¶¶ 3, 7, 11, 15, 37, Yoskowitz Decl. Ex. A at 982-83, 986. Defendant Aon is a citizen of Illinois because it is an Illinois

8

corporation with its principal place of business in Illinois. *Id*. ¶¶ 20-27, Yoskowitz Decl. Ex. A at 983-84. Aksia is a Delaware LLC with its principal place of business in New York, and none of its members are citizens of Pennsylvania. *See* Fishman Decl. ¶¶ 2-4. Because each named Plaintiff is a citizen of Pennsylvania and neither of the Removing Defendants is a citizen of Pennsylvania, the minimal diversity requirement is met.

### *The Amount in Controversy Exceeds $5 Million*

21. To satisfy the amount-in-controversy requirement, the aggregated claims of class members must exceed the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2) and (6). Here, Plaintiffs alleged in the TAC that Defendants caused the PSERS Plan and its participants to suffer "hundreds of millions of dollars of damages." TAC ¶¶ 389, 401, 412, 423, Yoskowitz Decl. Ex. A at 1082, 1084, 1087, 1089. Subsequently, in discovery, Plaintiffs asserted that class members suffered "shared risk amount" damages of more than $87 million and are also seeking "interest and delay damages, as allowed by law." *See* Yoskowitz Decl. Ex. E (Plaintiffs' Second Supplemental Responses and Objections to Defendant Aksia LLC's First Set of Interrogatories, Response No. 3). Accordingly, because the amount in controversy exceeds $5 million, this requirement is plainly met.

### *There Are More Than 100 Class Members*

22. To satisfy CAFA's numerosity requirement, the class must have at least 100 members. 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiffs alleged approximately 120,000 people in the proposed class. TAC ¶ 373, Yoskowitz Decl. Ex. A at 1078. Subsequently, in discovery, Plaintiffs asserted that there are more than 176,000 people in the proposed class. *See* Yoskowitz Decl. Ex. E (Plaintiffs' Second Supplemental Responses and Objections to Defendant Aksia LLC's First Set of Interrogatories, Response No. 3). Because the class has more than 100 members, this requirement is met.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

23. This action has not previously been removed to federal court.

24. While a case generally may not be removed on the basis of diversity jurisdiction more than one year after the initial pleading, *see* 28 U.S.C. § 1446(c)(1), this limitation does not apply to class actions. 28 U.S.C. § 1453(b). *See McLaren v. UPS Store Inc.*, 32 F.4th at 234 (determining the case was "timely removed" under CAFA where state court complaint was filed in May 2020 and notice of removal was filed after state appellate court decision in July 2021); *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 774-76 (8th Cir. 2014) (finding removal approximately 16 months after the filing of the initial pleading timely because the § 1446(c)(1) one-year limit is inapplicable in class actions); *Safranek v. Nat'l Gen. Ins. Co.*, 525 F. Supp. 3d 707, 716-20 (M.D. La. 2021) (removal was timely almost two years after the initial pleading when the state court granted leave to amend the class petition, making the case removable).

25. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides that such notices "may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The 30-day window for removal under § 1446(b)(3) is triggered when the document received by the defendant "informs the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present." *Bouchard v. CBS Corp.*, 2012 U.S. Dist. LEXIS 54647, at *16 (E.D. Pa. Apr. 17, 2012) (internal citations omitted). The "issue is not what the defendant knew, but what the relevant document said." *Id*. at *18-19.

26. Additionally, courts in the Third Circuit have confirmed that in CAFA cases, the 30-day clock starts only when a defendant receives a paper that "affirmatively and unambiguously" makes removability clear. *See, e.g., Portnoff,* 237 F. Supp. 3d at 260–61 (citing *Walker v. Trailer*

*Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013)).  Under Pennsylvania law, a settling party "whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal to federal court."  *See, e.g., Santarelli v. Intelligrated Prods., LLC*, 2012 U.S. Dist. LEXIS 11686, at *5 (M.D. Pa. Jan. 31, 2012) (citing 14B Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure* § 3723, at 716 (4th ed. 2009)).

27. Defendants are filing this Notice of Removal within 30 days of November 20, 2025, the date on which Hamilton Lane was dismissed from the State Court Action.  The Stipulation of Dismissal filed on that date was the "other paper" from which it could be ascertained "that the case is one which is or has become removable" on the basis of diversity jurisdiction.  *See* 28 U.S.C. § 1446(b)(3).

28. Previously nonremovable cases can become removable upon plaintiff's voluntary dismissal of a non-diverse defendant such that the remaining parties satisfy diversity.  *See e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996) ("In a case not originally removable, a defendant who receives a pleading or other paper indicating the post commencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal court within 30 days of receiving such information."); *see also Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019), *as revised* (Aug. 23, 2019) ("[W]here the case is not removable because of joinder of defendants, *only* the voluntary dismissal or nonsuit by [the plaintiff] of a party or of parties defendant can convert a nonremovable case into a removable one." (emphasis in original; internal citation and quotation marks omitted)).

29. Prior to the filing of the Stipulation of Dismissal, removability could not be objectively ascertained under 28 U.S.C. § 1446(b)(3) because a forum state defendant remained in the case.  The mandatory local controversy exception to CAFA jurisdiction applied because over

two-thirds of the class members and at least one defendant from whom significant relief was sought were citizens of the forum state. 28 U.S.C. § 1332(d)(4)(A). Specifically, as alleged in the TAC, each named Plaintiff is a resident and citizen of Pennsylvania, TAC ¶¶ 3, 7, 11, 15, 37, Yoskowitz Decl. Ex. A at 982-83, 986, and "[t]he vast majority of the members of the proposed Plaintiff Class are citizens and residents of the Commonwealth of Pennsylvania." TAC ¶ 39, Yoskowitz Decl. Ex. A at 986. Hamilton Lane is also a Pennsylvania citizen. *See supra* at ¶ 8. Once Hamilton Lane was dismissed from the State Court Action on November 20, 2025, the local controversy exception no longer applied, and the case became unambiguously removable under CAFA.

30. Venue is proper because the United States District Court for the Eastern District of Pennsylvania is the "district court of the United States for the district and division embracing the place where [this] action is pending." 28 U.S.C. § 1441(a).

31. Nothing in this Notice of Removal is intended to or should be construed as any type of express or implied admission by Removing Defendants of any fact, of any validity or merits of any of Plaintiffs' claims, causes of action, class definition, theory of damages, or allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Removing Defendants' rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. Removing Defendants expressly reserve the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

32. None of the exceptions contained in 28 U.S.C. § 1332(d) prevent this Court from exercising jurisdiction over this class action.

33. Therefore, this case may be removed because (i) there is minimal diversity of citizenship between the parties; (ii) there are more than 100 class members; (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs; and (iv) no exceptions to CAFA

jurisdiction apply. All defendants remaining in the case join in and consent to removal. Accordingly, removal is proper.

WHEREFORE, the Removing Defendants remove this action now pending in the State Court to the United States District Court for the Eastern District of Pennsylvania and respectfully request that this Court assume jurisdiction of this matter and take all further steps as may be required to determine this controversy.

Dated: December 18, 2025

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By: /s/ Michael K. Coran
Michael K. Coran (PA 55876)
Monica Clarke Platt (PA 311445)
1835 Market Street, Suite 1400
Philadelphia, PA 19103
(215) 569-2700

**SEWARD & KISSEL LLP**
Jack Yoskowitz*
Malavika A. Rao*
Paul B. Koepp*
One Battery Park Plaza
New York, NY 10004
(212) 574-1200

*pro hac vice* application forthcoming

*Attorneys for Defendant Aksia LLC*

**CLARK HILL PLC**

By: /s/
Kevin Dooley Kent (PA 85962)
Andrew K. Garden (PA 314708)
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
(215) 640-8500

**WILLKIE FARR & GALLAGHER LLP**
Craig C. Martin*
Matt D. Basil*
Amanda S. Amert*
Elizabeth P. Astrup*
300 North LaSalle Dr., Suite 5000
Chicago, IL 60654
(312) 728-9000

*pro hac vice* application forthcoming

*Attorneys for Defendant Aon Investments USA Inc.*